KLEIN, J.
Petitioner mother seeks prohibition or certiorari relief arguing that the trial court lacks jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)., We deny the petition.
The petition is from an order entered after an evidentiary hearing on the mother’s motion to enforce an order of a Texas court giving her temporary custody. The Florida ' order from which the mother seeks relief found the following facts.
The mother, in March 2001, violated a Florida court order prohibiting the removal of her child from Broward County dim-ing the dissolution procéedings pending between her and the father. After removing the child to Finland, she obtained a Finnish judgment awarding custody to her and visitation to the father. The mother had testified in the Finnish proceedings that, she had no intent of changing the child’s residency to .a country other than Finland; however, after so testifying, and before the Finnish judgment had been entered., she secretly took the child to Texas in order to permanently reside there with her fiancé without informing the Finnish court or the father.
In 'September 2003 the mother was arrested in Texas on Florida criminal charges’ arising out of her removal of the child from Florida in 2001. After her arrest, Texas, which has adopted the UC-CJEA, took the child into custody, contacted the father in Florida, and turned the child over to the fathér who brought him back to Florida. The mother then filed a petition in Texas and obtained a writ of habeas corpus, requiring the parents to produce the child, and a temporary order appointing the mother temporary managing conservator over the child. The father had written a letter to the Texas judge, but had not attended any proceedings there.
After hearing the evidence the Florida judge spoke with the Texas judge by telephone and informed him of the facts, but the Texas judge was unwilling to relinquish jurisdiction to Florida before holding a hearing in Texas. The trial court then denied the mother’s motion to enforce the prior Texas court order which had given her temporary custody. .Her petition in this court argues that under these circumstances the Florida court does not have jurisdiction over the custody of the child under the UCCJEA.
We can understand why the.Texas judge was, before a hearing in Texas, reluctant to immediately relinquish jurisdiction based on the telephone conversation between the judges. He was concerned not only about complying with the UCCJEA, but had additional concerns about the proceedings in Finland. On the other hand, it is undisputed that the Florida court had jurisdiction over the custody of the child in 2001, when the mother knowingly violated a court order prohibiting her from removing the child from Broward County.
As we noted earlier, these proceedings arise out of the dissolution of marriage action brought in Florida in 2001. The final judgment dissolving the marriage was entered in that proceeding on November 21, 2001, and recognized that the mother had fled with the child to Finland during the proceedings. In the judgment the court stated that it was in doubt as to its jurisdiction to determine custody, inasmuch as the child was presently in Finland. The court indicated it would defer *1275 to a Finnish court to determine custody and visitation but retained jurisdiction “for the purposes of discovery with regard to the fitness of either parent for custody.” The judgment also recommended shared parental responsibility and retained jurisdiction over child support. The Finnish judgment is currently on appeal according to the representations of the parties.
One of the provisions of the UCCJEA, section 61.519(1), provides:
Except as otherwise provided in s. 61.517, a court of this state may not exercise its jurisdiction under ss. 61.514-61.524 if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child had been commenced in a court of another state having jurisdiction substantially in conformity with this part, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under s. 61.520.
Texas has a similar statute. Tex. Fam. Code § 152.201. Thus, neither Florida nor Texas would have jurisdiction under the UCCJEA if a proceeding concerning custody has been commenced in a court of another state having jurisdiction. Florida did have jurisdiction over the custody of the child in the dissolution proceedings, prior to the mother fleeing with the child to Finland. Texas could not have exercised jurisdiction unless the proceeding in Florida had been terminated. We conclude that, under the language contained in the Florida judgment, in which the court retained jurisdiction for discovery regarding custody and recommended shared parental responsibility, but deferred to the Finnish court, the Florida proceedings had not been terminated.
Even if we assume that the entry of the dissolution judgment did terminate the Florida proceedings regarding custody, section 61.517 of the UCCJEA gives a Florida court “temporary emergency jurisdiction” over child custody for a number of different reasons, including the necessity of protecting the child from “mistreatment or abuse.” In the order on review the trial court found that the mother has violated Florida and Finnish court orders, has criminal charges pending in Broward County, and is a flight risk. The court also found that she secreted the child in Texas and gave false information to the Texas court in order to support Texas jurisdiction. Although the trial court did not cite section 61.517, the mother’s actions could constitute mistreatment which would justify the denial of the motion to enforce the Texas order, which, we emphasize, was a temporary order entered before a hearing.
Our denial of this petition should be construed as no more than a determination that, as between Florida and Texas, the Florida court has jurisdiction over the custody of the child under the UCCJEA, and Florida is not accordingly required to relinquish jurisdiction to Texas based on this record. It is obvious from the conversation between the Florida judge and the Texas judge, which is in the record, that both judges were conscientiously attempting to follow the UCCJEA, and both were concerned about the impact of the proceedings in Finland, in which the father appeared and was represented by counsel. We have not considered what effect should be given the Finnish judgment, which, as we noted earlier, is presently on appeal. Petition denied.
POLEN and SHAHOOD, JJ., concur.