**Bradford FILSINGER, Appellant,**

v.

**Meeri FILSINGER, Appellee.**

No. 08–04–00042–CV.

Court of Appeals of Texas,
El Paso.

Aug. 18, 2005.

Amanda J. Chisholm, El Paso, for Appellant.

G. Daniel Mena, El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

This case presents the irreconcilable conflicts which arise when simultaneous custody proceedings are pursued in two states and the second state does not dismiss its proceedings, but instead proceeds to exercise subject matter jurisdiction and makes a child custody determination in conflict with the decision of the first state. We reverse and render judgment dismissing the suit below.

### FACTUAL SUMMARY

Bradford Filsinger and Meeri Filsinger were married on January 1, 2000 and separated in June of 2000 after Meeri became pregnant. Meeri returned to her native Finland and gave birth to Raymond Jay Filsinger on January 1, 2001. In an apparent effort to reconcile, Meeri and Raymond traveled to Florida in February of 2001 and lived with Brad for approximately one month. The couple separated and on March 13, 2001, Brad filed a divorce petition in Broward County, Florida. On March 19, 2001, the Florida circuit court entered an order prohibiting Meeri from removing the child from Florida during the divorce. Within days, Meeri violated the order by returning to Finland with the child. Consequently, criminal charges were filed against Meeri in Broward County for interference with child custody.

Meeri instituted proceedings in Finland for the purpose of obtaining custody of Raymond. The Florida court granted the divorce on November 21, 2001 but deferred resolution of the custody and visitation issues to Finland since Raymond had been born in Finland and had lived nearly his entire life there. The district court expressly retained jurisdiction to determine child support after the custody issue

had been resolved by the Finnish court, and to modify and enforce its judgment.

At the trial in Finland in September of 2001, Meeri testified that she lived in Finland and had no intent to move from Finland with the child. Two years later, on September 23, 2003, the Finnish court issued a written judgment awarding custody to Meeri, granting Brad's request that Meeri not be allowed to unilaterally remove Raymond from Finland, and awarding him a right of co-determination as to the child's country of residence.[1] Both parties appealed the judgment and it did not become final.

Despite her representations that she had no intentions of leaving Finland, Meeri and Raymond moved to El Paso, Texas in February 2003, before the Finnish court issued its written judgment. Meeri did not inform either the Finnish court or Brad that she and Raymond had moved to Texas to live with her fiancé. In September 2003, Meeri was arrested in Houston, Texas, on the outstanding Florida warrants and child protective services took Raymond into custody. At the request of child protective services, Brad picked up Raymond in Houston and took him back to Florida. The record reveals that on September 29, 2003, Brad filed pleadings in Florida seeking custody of Raymond. Brad filed these pleadings in the same case and before the same court which had granted the divorce and retained jurisdiction.

On October 6, 2003, Meeri filed a suit affecting the parent-child relationship in the 383rd District Court of El Paso County, Texas, seeking sole managing conservatorship. She alleged that no other court had continuing exclusive jurisdiction and she made no reference to the custody determination by the Finnish court. A few hours later, Meeri filed an application for writ of habeas corpus based on the Finnish judgment and she attached a certified copy of the judgment to her habeas application. That same day, the Texas court issued a writ of habeas corpus requiring Brad and his mother to produce Raymond on October 22, 2003, and to show cause why the child should not be returned to Meeri. Brad and his mother did not comply with the order. Instead, Brad filed a letter with the trial court objecting to the exercise of jurisdiction under the UCCJEA.[2] He attached numerous documents including the Florida divorce decree. Brad also requested that the trial court confer with the Florida court as required by the UCCJEA.

On October 22, 2003, the Texas court conducted a hearing on Meeri's application for a writ of habeas corpus, concluded that she was entitled to possession of Raymond, and determined that both Brad and his mother had illegally restrained the child. It ordered them to immediately deliver Raymond to Meeri. The court also issued temporary orders and set the case for final hearing on December 18, 2003. When Brad did not deliver the child, the Texas court issued a writ of attachment. In the meantime, Brad was continuing to pursue his legal remedies in Florida. On October 24, 2003, the Florida court concluded that it had jurisdiction under the UCCJEA and awarded temporary custody of Raymond to Brad.

On December 4, 2003, the Honorable Mike Herrera, Judge of the 383rd District Court, and the Honorable Susan F. Green-

1. The court noted that Meeri had refused to answer questions about her most recent stays abroad and the nationality of her "dating partner."

2. The Uniform Child Custody Jurisdiction and Enforcement Act. See TEX.FAM.CODE ANN. §§ 152.001–152.317(Vernon 2002 and Vernon Supp.2004–05).

hawt, the Florida circuit court judge, spoke by telephone in the presence of the respective parties and their attorneys for the purpose of discussing the jurisdictional issues.[3] Judge Greenhawt informed Judge Herrera that Meeri had misrepresented her residency to the Finnish court and had secreted the child in Texas for at least eight months prior to her arrest. After extensive discussion, Judge Herrera decided that he would continue to exercise jurisdiction.

On December 15, 2003, the Florida circuit court issued orders denying Meeri's motion to dismiss the custody proceedings brought by Brad in Florida, her motion to enforce the Texas writ of attachment, and her motion for attorney's fees. Three days after the adverse rulings in Florida, Meeri proceeded to a final hearing in Texas. On January 14, 2004, Judge Herrera signed an order awarding custody of Raymond to Meeri and ordering Brad to pay child support.

Meeri subsequently filed a motion to enforce the Texas writ of attachment in the Florida court. That court denied the motion, concluding that Texas did not have home state jurisdiction under the UCCJEA and that the Texas orders were not entitled to full faith and credit because the Texas court had failed to exercise jurisdiction in substantial conformity with the UCCJEA. Further, the Florida court determined that the Finnish court no longer had jurisdiction of the case because both parties had permanently left Finland with no intention to remain there, and that Florida was the most appropriate state to exercise jurisdiction in substantial conformity with the UCCJEA. On March 10, 2004, the Fourth District Court of Appeals of Florida denied Meeri's petition seeking review of the lower court's exercise of jurisdiction. *Meeri Filsinger Hirvonen v. Brad Filsinger,* 866 So.2d 1273 (Fla.Dist.Ct.App.2004)(holding that Florida had jurisdiction over custody of child under UCCJEA and was not required to relinquish jurisdiction to Texas).

Despite the adverse rulings in Florida, Meeri filed a petition for writ of habeas corpus in the trial court below on June 22, 2004 alleging that Brad was illegally restraining Raymond in Florida. She also sought to enforce the child support obligations imposed by the court's prior order. Brad, now represented by counsel, filed a special appearance, and subject to his special appearance, raised the affirmative defense of *res judicata* based on the determination of the Florida courts that Florida has exclusive jurisdiction. Judge Herrera sustained the special appearance and dismissed Meeri's motion to enforce with prejudice to refiling it in Texas. Brad appeals the order awarding custody to Meeri and ordering him to pay child support.[4]

## SIMULTANEOUS PROCEEDINGS UNDER THE UCCJEA

■ Brad raises several issues on appeal challenging the trial court's exercise of subject matter jurisdiction. In his third issue, Brad contends that the trial court

---

3. The UCCJEA requires communication between courts when simultaneous proceedings are pending. Tex.Fam.Code Ann. § 152.206. A record was made of the discussion between the judges and their attorneys and it has been made part of the record on appeal.

4. The trial court must have personal jurisdiction over a litigant to impose a child support obligation. *Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); Tex.Fam.Code Ann. §§ 102.011–159.201 (Vernon 2002 and Vernon Supp. 2004–05). Although the court below has clearly indicated that it cannot and will not enforce the child support obligation, the underlying support order has not been vacated.

was prohibited from exercising subject matter jurisdiction under the statutory provision relating to simultaneous proceedings. This issue is dispositive of the matter before us.

■■■ Subject matter jurisdiction presents a question of law which we review *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *In the Interest of Brilliant*, 86 S.W.3d 680, 684 (Tex.App.-El Paso 2002, no pet.). Subject matter jurisdiction is never presumed, cannot be waived, and may be raised for the first time on appeal. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 443–44 (Tex.1993); *McGuire v. McGuire*, 18 S.W.3d 801, 804–805 (Tex.App.-El Paso 2000, no pet.).

Texas adopted the UCCJEA effective September 1, 1999. *In re Oates*, 104 S.W.3d 571, 576 (Tex.App.-El Paso 2003, orig. proceeding); TEX.FAM.CODE ANN. §§ 152.001–152.317. As a general rule, the UCCJEA prohibits a Texas court from exercising subject matter jurisdiction in a custody proceeding if a custody proceeding has been commenced in a court of another state, unless the court of the other state concludes that Texas is a more convenient forum. The relevant portions of Section 152.206 provide:

(a) Except as otherwise provided in Section 152.204, a court of this state may not exercise its jurisdiction under this subchapter if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 152.207.

(b) Except as otherwise provided in Section 152.204, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to Section 152.209. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

TEX.FAM.CODE ANN. § 152.206(a), (b).

Following Meeri's arrest, Brad regained physical custody of Raymond. On September 29, 2003, Brad filed a pleading in the Florida circuit court seeking custody of Raymond. Meeri subsequently instituted custody proceedings in Texas. In response to Judge Herrera's order requiring Brad to appear at a hearing on October 22 in Texas and surrender Raymond to Meeri, Brad filed a *pro se* pleading objecting to the trial court's exercise of jurisdiction. He attached numerous documents, including his petition filed in Florida by which he sought custody of the child. Brad also informed the Texas court that a hearing was scheduled before the Florida court on October 22, 2003 and he specifically requested that the Texas court confer with the Florida court. Despite this knowledge, Judge Herrera conducted a hearing on Meeri's application for writ of habeas corpus on October 22. On November 3, 2003, Brad provided Judge Herrera with a copy of the temporary custody order granted by the Florida court on October 24, 2003. The Texas and Florida judges spoke with one another on Decem-

ber 4, 2003. Although Judge Herrera had knowledge that there were simultaneous custody proceedings in Florida, he expressly refused to relinquish jurisdiction. The custody proceeding in Florida was not terminated or stayed prior to the exercise of jurisdiction by the Texas court. Because Judge Herrera was statutorily prohibited from exercising jurisdiction and was required by Section 152.206 to dismiss the proceeding, we sustain Issue Three. We reverse and render judgment dismissing the case.