Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
BRADFORD FILSINGER,                              )                  No. 08-04-00042-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  383rd District Court
)
MEERI FILSINGER,                                          )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2003CM6561)

O P I N I O N

            This case presents the irreconcilable conflicts which arise when simultaneous custody
proceedings are pursued in two states and the second state does not dismiss its proceedings, but
instead proceeds to exercise subject matter jurisdiction and makes a child custody determination in
conflict with the decision of the first state. We reverse and render judgment dismissing the suit
below. 
FACTUAL SUMMARY
            Bradford Filsinger and Meeri Filsinger were married on January 1, 2000 and separated in
June of 2000 after Meeri became pregnant. Meeri returned to her native Finland and gave birth to
Raymond Jay Filsinger on January 1, 2001. In an apparent effort to reconcile, Meeri and Raymond
traveled to Florida in February of 2001 and lived with Brad for approximately one month. The
couple separated and on March 13, 2001, Brad filed a divorce petition in Broward County, Florida. 
On March 19, 2001, the Florida circuit court entered an order prohibiting Meeri from removing the
child from Florida during the divorce. Within days, Meeri violated the order by returning to Finland
with the child. Consequently, criminal charges were filed against Meeri in Broward County for
interference with child custody. 
            Meeri instituted proceedings in Finland for the purpose of obtaining custody of Raymond. 
The Florida court granted the divorce on November 21, 2001 but deferred resolution of the custody
and visitation issues to Finland since Raymond had been born in Finland and had lived nearly his
entire life there. The district court expressly retained jurisdiction to determine child support after
the custody issue had been resolved by the Finnish court, and to modify and enforce its judgment. 
            At the trial in Finland in September of 2001, Meeri testified that she lived in Finland and had
no intent to move from Finland with the child. Two years later, on September 23, 2003, the Finnish
court issued a written judgment awarding custody to Meeri, granting Brad’s request that Meeri not be
allowed to unilaterally remove Raymond from Finland, and awarding him a right of co-determination
as to the child’s country of residence.


 Both parties appealed the judgment and it did not become
final. 
            Despite her representations that she had no intentions of leaving Finland, Meeri and
Raymond moved to El Paso, Texas in February 2003, before the Finnish court issued its written
judgment. Meeri did not inform either the Finnish court or Brad that she and Raymond had moved
to Texas to live with her fiancé. In September 2003, Meeri was arrested in Houston, Texas, on the
outstanding Florida warrants and child protective services took Raymond into custody. At the
request of child protective services, Brad picked up Raymond in Houston and took him back to
Florida. The record reveals that on September 29, 2003, Brad filed pleadings in Florida seeking
custody of Raymond. Brad filed these pleadings in the same case and before the same court which
had granted the divorce and retained jurisdiction.
            On October 6, 2003, Meeri filed a suit affecting the parent-child relationship in the 383rd
District Court of El Paso County, Texas, seeking sole managing conservatorship. She alleged that
no other court had continuing exclusive jurisdiction and she made no reference to the custody
determination by the Finnish court. A few hours later, Meeri filed an application for writ of habeas
corpus based on the Finnish judgment and she attached a certified copy of the judgment to her habeas
application. That same day, the Texas court issued a writ of habeas corpus requiring Brad and his
mother to produce Raymond on October 22, 2003, and to show cause why the child should not be
returned to Meeri. Brad and his mother did not comply with the order. Instead, Brad filed a letter
with the trial court objecting to the exercise of jurisdiction under the UCCJEA.


 He attached
numerous documents including the Florida divorce decree. Brad also requested that the trial court
confer with the Florida court as required by the UCCJEA. 
            On October 22, 2003, the Texas court conducted a hearing on Meeri’s application for a writ
of habeas corpus, concluded that she was entitled to possession of Raymond, and determined that
both Brad and his mother had illegally restrained the child. It ordered them to immediately deliver
Raymond to Meeri. The court also issued temporary orders and set the case for final hearing on
December 18, 2003. When Brad did not deliver the child, the Texas court issued a writ of
attachment. In the meantime, Brad was continuing to pursue his legal remedies in Florida. On
October 24, 2003, the Florida court concluded that it had jurisdiction under the UCCJEA and
awarded temporary custody of Raymond to Brad. 
            On December 4, 2003, the Honorable Mike Herrera, Judge of the 383rd District Court, and
the Honorable Susan F. Greenhawt, the Florida circuit court judge, spoke by telephone in the
presence of the respective parties and their attorneys for the purpose of discussing the jurisdictional
issues.


 Judge Greenhawt informed Judge Herrera that Meeri had misrepresented her residency to
the Finnish court and had secreted the child in Texas for at least eight months prior to her arrest. 
After extensive discussion, Judge Herrera decided that he would continue to exercise jurisdiction. 
            On December 15, 2003, the Florida circuit court issued orders denying Meeri’s motion to
dismiss the custody proceedings brought by Brad in Florida, her motion to enforce the Texas writ
of attachment, and her motion for attorney’s fees. Three days after the adverse rulings in Florida,
Meeri proceeded to a final hearing in Texas. On January 14, 2004, Judge Herrera signed an order
awarding custody of Raymond to Meeri and ordering Brad to pay child support. 
            Meeri subsequently filed a motion to enforce the Texas writ of attachment in the Florida
court. That court denied the motion, concluding that Texas did not have home state jurisdiction
under the UCCJEA and that the Texas orders were not entitled to full faith and credit because the
Texas court had failed to exercise jurisdiction in substantial conformity with the UCCJEA. Further,
the Florida court determined that the Finnish court no longer had jurisdiction of the case because
both parties had permanently left Finland with no intention to remain there, and that Florida was the
most appropriate state to exercise jurisdiction in substantial conformity with the UCCJEA. On
March 10, 2004, the Fourth District Court of Appeals of Florida denied Meeri’s petition seeking
review of the lower court’s exercise of jurisdiction. Meeri Filsinger Hirvonen v. Brad Filsinger, 866
So.2d 1273 (Fla.Dist.Ct.App. 2004)(holding that Florida had jurisdiction over custody of child under
UCCJEA and was not required to relinquish jurisdiction to Texas).
            Despite the adverse rulings in Florida, Meeri filed a petition for writ of habeas corpus in the
trial court below on June 22, 2004 alleging that Brad was illegally restraining Raymond in Florida. 
She also sought to enforce the child support obligations imposed by the court’s prior order. Brad,
now represented by counsel, filed a special appearance, and subject to his special appearance, raised
the affirmative defense of res judicata based on the determination of the Florida courts that Florida
has exclusive jurisdiction. Judge Herrera sustained the special appearance and dismissed Meeri’s
motion to enforce with prejudice to refiling it in Texas. Brad appeals the order awarding custody
to Meeri and ordering him to pay child support.



SIMULTANEOUS PROCEEDINGS
UNDER THE UCCJEA
            Brad raises several issues on appeal challenging the trial court’s exercise of subject matter
jurisdiction. In his third issue, Brad contends that the trial court was prohibited from exercising
subject matter jurisdiction under the statutory provision relating to simultaneous proceedings. This
issue is dispositive of the matter before us.
            Subject matter jurisdiction presents a question of law which we review de novo. Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); In the Interest of Brilliant, 86 S.W.3d 680,
684 (Tex.App.--El Paso 2002, no pet.). Subject matter jurisdiction is never presumed, cannot be
waived, and may be raised for the first time on appeal. Texas Association of Business v. Texas Air
Control Board, 852 S.W.2d 440, 443-44 (Tex. 1993); McGuire v. McGuire, 18 S.W.3d 801, 804-805
(Tex.App.--El Paso 2001, no pet.). 
            Texas adopted the UCCJEA effective September 1, 1999. In re Oates, 104 S.W.3d 571, 576
(Tex.App.--El Paso 2003, orig. proceeding); Tex.Fam.Code Ann. §§ 152.001-152.317. As a
general rule, the UCCJEA prohibits a Texas court from exercising subject matter jurisdiction in a
custody proceeding if a custody proceeding has been commenced in a court of another state, unless
the court of the other state concludes that Texas is a more convenient forum. The relevant portions
of Section 152.206 provide:
(a) Except as otherwise provided in Section 152.204, a court of this state may not
exercise its jurisdiction under this subchapter if, at the time of the commencement
of the proceeding, a proceeding concerning the custody of the child has been
commenced in a court of another state having jurisdiction substantially in conformity
with this chapter, unless the proceeding has been terminated or is stayed by the court
of the other state because a court of this state is a more convenient forum under
Section 152.207.
 
(b) Except as otherwise provided in Section 152.204, a court of this state, before
hearing a child custody proceeding, shall examine the court documents and other
information supplied by the parties pursuant to Section 152.209. If the court
determines that a child custody proceeding has been commenced in a court in another
state having jurisdiction substantially in accordance with this chapter, the court of
this state shall stay its proceeding and communicate with the court of the other state.
If the court of the state having jurisdiction substantially in accordance with this
chapter does not determine that the court of this state is a more appropriate forum,
the court of this state shall dismiss the proceeding.

Tex.Fam.Code Ann. § 152.206(a), (b).
            Following Meeri’s arrest, Brad regained physical custody of Raymond. On September 29,
2003, Brad filed a pleading in the Florida circuit court seeking custody of Raymond. Meeri
subsequently instituted custody proceedings in Texas. In response to Judge Herrera’s order requiring
Brad to appear at a hearing on October 22 in Texas and surrender Raymond to Meeri, Brad filed a
pro se pleading objecting to the trial court’s exercise of jurisdiction. He attached numerous
documents, including his petition filed in Florida by which he sought custody of the child. Brad also
informed the Texas court that a hearing was scheduled before the Florida court on October 22, 2003
and he specifically requested that the Texas court confer with the Florida court. Despite this
knowledge, Judge Herrera conducted a hearing on Meeri’s application for writ of habeas corpus on
October 22. On November 3, 2003, Brad provided Judge Herrera with a copy of the temporary
custody order granted by the Florida court on October 24, 2003. The Texas and Florida judges spoke
with one another on December 4, 2003. Although Judge Herrera had knowledge that there were
simultaneous custody proceedings in Florida, he expressly refused to relinquish jurisdiction. The
custody proceeding in Florida was not terminated or stayed prior to the exercise of jurisdiction by
the Texas court. Because Judge Herrera was statutorily prohibited from exercising jurisdiction and
was required by Section 152.206 to dismiss the proceeding, we sustain Issue Three. We reverse and 
render judgment dismissing the case.


August 18, 2005                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.