COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JUAN CARLOS RUFFIER,

                            Appellant,

v.


OLGA MIHAILOVNA RUFFIER,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00190-CV

Appeal from the

327th District Court 

of El Paso County, Texas 

(TC# 2004CM2833)





O P I N I O N

           This appeal arises from the trial court’s child custody orders arising from Juan Carlos
Ruffier, and Olga Mihailovna Ruffier’s divorce. On appeal, Appellant contends that the trial
court lacked jurisdiction over the child, J.C.R., under the Uniform Child Custody Jurisdiction
and Enforcement Act and that all orders relating to the child are void because the trial court
did not have subject matter jurisdiction over the child.
I. FACTUAL AND PROCEDURAL BACKGROUND
           Juan Carlos Ruffier and Olga Mihailovna Ruffier were married in Belarus on August
25, 2001. On October 21, 2001, they moved to Buenos Aires, Argentina, where their only
child, J.C.R., was born on March 13, 2002. Appellant, Appellee, and J.C.R. continued to
live in Buenos Aires until September 2002. From September 2002 to November 2002, J.C.R.
lived in El Paso, Texas. Thereafter, J.C.R. went to live in Belarus and remained there until
February of 2003. He then returned to El Paso where he remained for about two months. 
In April of 2003, Appellee took J.C.R. back to Belarus, and did not return to El Paso until
March 2004. Then, from April 2004 to March 25, 2005, the child returned to Belarus and
remained there with his maternal grandmother.
           On May 4, 2004, Appellant filed an Original Petition to Annul Marriage and Suit
Affecting Parent-Child Relationship. In September of 2004, the trial court held a hearing
where Appellee failed to appear. The trial court entered a Decree of Annulment and Order
Affecting Parent-Child Relationship. Appellee, upon discovering the default judgment
entered against her, filed a Motion for New Trial in which she alleged that the trial court did
not have jurisdiction over the child under the Uniform Child Custody Act [sic]. After
transferring the case from the 383rd District Court to the 327th District Court, the trial court
granted Appellee’s Motion for New Trial. Thereafter, Appellee filed an Original Answer to
Petition for Annulment, Suit In Parent-Child Relationship and Petition for Divorce.
           On February 18, 2005, the trial court held a hearing regarding the divorce. At the
hearing, the trial court heard testimony from Appellant and Appellee. After hearing their
testimony, the trial court entered the following temporary orders with respect to child
custody:
1. Possession Order
 
           (a) The child is to be returned to the United States and will reside in South
Carolina with Petitioner.
(b) JUAN CARLOS RUFFIER shall have possession of the child, in the
presence of his mother, for four (4) hours per day on April 2, April 3, and
April 4, 2005.
 
2. Duration
 
The periods of possession ordered above apply to the child the subject of this
suit while that child is under the age of eighteen years and not otherwise
emancipated.
 
3. Notice to Peace Officers
 
NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU
MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF
CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER
WHO RELIES ON THE TERMS OF A COURT ORDER AND THE
OFFICER’S AGENCY ARE ENTITLED TO THE APPLICABLE
IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE,
REGARDING THE OFFICER’S GOOD FAITH ACTS PERFORMED IN
THE SCOPE OF THE OFFICER’S DUTIES IN ENFORCING THE TERMS
OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON
WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER
THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN
OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL
FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

Additionally, the court entered the following:
IT IS ORDERED that the parties and their agents, servants, employees,
attorneys, and those persons in active concert or participation with them who
receive actual notice of this order by personal service or otherwise are
temporarily enjoined from:
 
1. Harming, annoying, molesting, threatening or injuring each other or the
child of the parties;
 
2. Making derogatory remarks to or about the other party, or discussing this
case with the child, allowing the child to be present during such remarks or
discussions, or allowing anyone to do so;
 
           3. Arguing with the other party in the presence of the child, or allowing any
other person to do so; and
 
4. Passing messages to the other party through the child.

The trial court additionally entered an order to have the parties mediate before March 31,
2005.
           The parties mediated and entered into a settlement agreement, which was filed on
March 29, 2005. The trial court judicially pronounced and rendered the divorce on April 1,
2005; the Final Decree of Divorce was signed on April 26, 2005, which incorporated the
terms of the mediation agreement.
           On April 18, 2005, Appellee filed a Petition for Writ of Habeas Corpus requesting the
trial court to issue a writ commanding J.C.R. to be brought before the trial court and returned
to her custody. The same day, the trial court entered an Order for Issuance of Writ of Habeas
Corpus for Child. On April 20, 2005, the trial court had a hearing on the writ of habeas
corpus. During the hearing, it was presented to the trial court that Appellee had traveled to
El Paso with J.C.R. so the agreed visitation could take place. Pursuant to the settlement
agreement, Appellant was to have the child on Friday, Saturday, and Sunday between the
hours of 8 a.m. to 4 p.m. After J.C.R. was picked up at 8 a.m. by Appellant, he was not
returned at 4 p.m., and Appellee had not heard from him or the child since. Appellant was
not present at the hearing, despite the Order for Issuance of Writ of Habeas Corpus for J.C.R.
ordering Appellant to produce J.C.R. for the April 20 proceedings. Thereafter, the trial court
issued a Warrant to Take Physical Custody of Child and an Order to Issue a Writ of
Attachment for Child Order Issuing Warrant to Take Physical Custody of Child.
           On April 22, 2005, Appellee filed a Motion for New Trial, a Motion to Rescind
Mediation Agreement, and a Motion to Vacate and Modify Terms of Divorce Order. On
May 2, 2005, Appellant filed a Motion for New Trial. Thereafter, on May 9, 2005, Appellant
filed a Motion to Dismiss for Want of Jurisdiction, including a Brief in Support of
Petitioner’s Motion to Dismiss for Want of Jurisdiction. In his Brief in Support of Motion
to Dismiss, Appellant asserts for the first time that the trial court lacked subject matter
jurisdiction over the child custody issues, because Texas was not J.C.R.’s home state as
defined by the Texas Family Code section 152.102(7). On May 5, 2005, the trial court
signed a temporary order that read as follows:
On May 2, 2005, the Court heard Respondent Olga Milhailnova Ruffier’s
Motion for New Trial, Motion to Recind [sic] Mediation agreement, Motion
to Vacate and Modify Terms of the Divorce Order. 
 
Petitioner appeared by Attorney M. Daisy Everhart.
 
Respondent appeared by Attorney Albert A. Biel, Jr.
 
The Court finds that hearing on Respondent’s motions are continued to allow
Petitioner to present his case.
 
The Court finds that Juan Carlos Ruffier was notified of this hearing by notice
to his attorney of record.
 
The Court finds that Juan Carlos Ruffier continues to reject the Court’s order
to return the child.
 
The Court finds that an emergency exists because Juan Carlos Ruffier has by
secreting the child effectively removed the child from the power of the Court.
 
Accordingly, the Court makes the following Temporary Orders and finds that
they are in the best interest of the child.
 
IT IS ORDERED that Juan Carlos Ruffier return the child to Respondent Olga
Milhailnova Ruffier immediately.
 
IT IS ORDERED that any access awarded Juan Carlos Ruffier pursuant to the
decree of divorce entered in this cause be and is hereby suspended.
 
IT IS ORDERED and decreed that all rights of Juan Carlos Ruffier to
possession of the child [J.C.R.] are suspended until further order of this court.

           On May 20, 2005, the trial court held a hearing in which it entertained Appellant’s
Motion to Dismiss for Want of Jurisdiction. Appellant’s counsel presented the argument to
the trial court, asserting that the trial court did not have subject matter jurisdiction over J.C.R. 
The trial court denied the Motion to Dismiss for Want of Jurisdiction.
           The trial court also heard Appellee’s motion to disqualify Appellant’s attorney. It was
discovered that Appellant’s attorney had married him after his petition for annulment was
granted, but the marriage became void on November 22, and then was later reinstated on
April 1 when the divorce decree was pronounced. Appellant’s attorney testified that she
went with Appellant to pick up J.C.R. for the first visitation. She testified that J.C.R. had not
been returned and that she did not know the whereabouts of Appellant. She testified that
Appellant called her, but that she did not have his telephone number. Appellant’s attorney
also indicated that a police report was made regarding some bruising discovered on J.C.R.’s
body. She also testified that another report was made regarding sexual molestation outcries
made by J.C.R. After hearing Appellant’s attorney testify, the trial court granted Appellee’s
motion to disqualify.
           On May 11, 2005, a Notice of Accelerated Appeal was filed, followed by an Amended
Notice of Accelerated Appeal filed on May 17, 2005.II. DISCUSSION
           On appeal, Appellant raises two issues. In Issue No. One, Appellant challenges the
trial court’s subject matter jurisdiction over J.C.R. under the Uniform Child Custody
Jurisdiction and Enforcement Act. In Issue No. Two, Appellant asserts that all orders
pertaining to the child, J.C.R., are void due to the lack of the trial court’s subject matter
jurisdiction. Appellee has not submitted an appellate brief.
           Subject matter jurisdiction is a question of law which we review de novo. Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Subject matter jurisdiction is never
presumed, cannot be conferred by consent, waiver, or estoppel at any stage of the proceeding,
and may be raised for the first time on appeal. Texas Ass’n of Bus. v. Texas Air Control Bd.,
852 S.W.2d 440, 443-44 (Tex. 1993); Juarez v. Texas Ass’n of Sporting Officials El Paso
Chapter, 172 S.W.3d 274, 277 (Tex. App.--El Paso 2005, no pet.). Subject matter
jurisdiction is essential for a court to have authority to decide a case. Texas Air Control Bd.,
852 S.W.2d at 443. “A judgment is void only when it is apparent that the court rendering
judgment ‘had no jurisdiction of the parties, no jurisdiction of the subject matter, no
jurisdiction to enter the judgment, or no capacity to act as a court.’” Juarez, 172 S.W.3d at
278 (citing Cook v. Cameron, 733 S.W.2d 137, 140 (Tex. 1987)).
           The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), adopted
by Texas effective September 1, 1999, governs subject matter jurisdiction over custody issues
in Texas. Tex. Fam. Code Ann. § 152.001-.317 (Vernon 2002 & Vernon Supp. 2005). The
analysis of the jurisdictional issue must be conducted in light of the overarching purpose of
the UCCJEA: to prevent conflicting jurisdiction and relitigation of child custody issues and
to deter child abduction. See In re McCoy, 52 S.W.3d 297, 302 (Tex. App.--Corpus Christi
2001, orig. proceeding). Under section 152.201(a), a Texas court has jurisdiction to make
the initial child custody determination only if:
(1) this state is the home state of the child on the date of the commencement
of the proceeding, or was the home state of the child within six months before
the commencement of the proceeding and the child is absent from this state but
a parent or person acting as a parent continues to live in this state; 
 
(2) a court of another state does not have jurisdiction under Subdivision (1),
or a court of the home state of the child has declined to exercise jurisdiction
on the ground that this state is the more appropriate forum under Section
152.207 or 152.208, and: 
(A) the child and the child’s parents, or the child and at least one parent
or a person acting as a parent, have a significant connection with this state
other than mere physical presence; and
(B) substantial evidence is available in this state concerning the child’s
care, protection, training, and personal relationships;
 
(3) all courts having jurisdiction under Subdivision (1) or (2) have declined to
exercise jurisdiction on the ground that a court of this state is the more
appropriate forum to determine the custody of the child under Section 152.207
or 152.208; or
 
(4) no court of any other state would have jurisdiction under the criteria
specified in Subdivision (1), (2), or (3).

Tex. Fam. Code Ann. § 152.201(a).
           The Texas Family Code provides that Texas may exercise jurisdiction if Texas is the
home state of the child on the date of the commencement of the proceeding. See Tex. Fam.
Code Ann. § 152.201(a)(1). A child’s home state is “the state in which a child lived with
a parent or a person acting as a parent for at least six consecutive months immediately before
the commencement of a child custody proceeding.” Id. § 152.102(7); In re Oates, 104
S.W.3d 571, 576-77 (Tex. App.-- El Paso 2003, orig. proceeding). A “person acting as a
parent” is defined as someone who had physical custody of the child for “a period of six
consecutive months, including any temporary absence, within one year immediately before
the commencement of a child custody proceeding.” Tex. Fam. Code Ann. § 152.102(13). 
“Commencement” is defined as “the filing of the first pleading in a proceeding.” Id. §
152.102(5).
           The filing of the first pleading occurred when Appellant filed his original petition on
May 4, 2004. It was presented to the trial court that from April 2003 to March 2004, J.C.R.
was living in Belarus. He returned to El Paso, but only for a short stay, returning to Belarus
in April 2004. From April 2004, to March 25, 2005, there is evidence on the record that
J.C.R. remained in Belarus where he lived with his maternal grandmother. The maternal
grandmother had physical custody of J.C.R. for over six months, and as such, achieved the
status of a “person acting as a parent.” Therefore, Texas could not be J.C.R.’s home state
because he was not physically present in Texas for six consecutive months prior to the
commencement of the first pleading.
           When Texas cannot claim jurisdiction under section 152.201(a)(1), (2), a Texas court
may assert significant connection jurisdiction. See In re Oates, 104 S.W.3d at 578. The
significant connection jurisdiction should only be employed when Texas is not the home state
and it appears that no other state could assert home state jurisdiction. See id. Until Belarus
has declined jurisdiction in favor of Texas, Texas is not authorized to take jurisdiction over
J.C.R.’s custody determination. See Tex. Fam. Code Ann. § 152.201(a)(2), (3). Therefore,
we do not employ a significant connection analysis, but rather, our analysis ends here. We
find that the trial court did not have jurisdiction over J.C.R. We, however, are mindful of,
and equally troubled by, the concerns raised by the trial court when in deciding not to grant
Appellant’s Motion to Dismiss for Want of Jurisdiction, it stated:
It seems both disingenuous at best to me and bordering almost on dishonesty
that now the--that Juan Carlos Ruffier comes forward and says, oh, never
mind, there’s no jurisdiction.
 
To abuse this Court system in the way that it has been abused, is--if anybody
wants to talk about what’s right and what’s wrong, I think this is a clear case
of what’s right and what’s wrong. This is not--the child has not been brought
back. If the child was brought back, the Court would feel much better about--
much better about entertaining any of these other motions and issues. But
when you have a child that was picked up for visitation, not brought back, the
person or Juan Carlos Ruffier does not show up for a habeas corpus hearing
and now comes back and says king’s X, because that’s what this is. It’s saying
king’s X, you don’t have jurisdiction now.

Issue Nos. One and Two are sustained in their entirety.
           Under the unique circumstances of this case, having found that the trial court lacked
subject matter jurisdiction over the child, J.C.R., we reverse the orders of the trial court
pertaining to the custody of the child and remand those matters to the trial court with
instructions to dismiss for want of jurisdiction.
 
                                                                  RICHARD BARAJAS, Chief Justice

April 13, 2006

Before Panel No. 5
Barajas, C.J., Parks, and DeHart, JJ.
Parks, and DeHart, JJ., sitting by assignment