NO. 12-07-00472-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 

IN RE: ADOLFO GIOVANNI TIERI,

§
 ORIGINAL PROCEEDING

RELATOR

§
 

 


OPINION


 Adolfo Giovanni Tieri brings this original mandamus proceeding complaining of the
respondent trial court's order denying his motion to dismiss and for costs under the Uniform Child
Custody Jurisdiction and Enforcement Act ("UCCJEA"). (1) We conditionally grant Adolfo's
petition for writ of mandamus.


Background

 Adolfo and Lori A. Tieri were married on October 17, 1992 and are the parents of three
children, A.G.T., Jr., A.G.T., and L.E.T. Prior to January 2006, Adolfo, Lori, and the children
lived in the State of New Jersey. On January 3, 2006, Lori and the children left New Jersey and
moved to Lindale, Texas to attend discipleship training at Youth With A Mission. On February 1,
2006, Adolfo filed for divorce in New Jersey. Following Adolfo's suit for divorce, in 2006, the 
following occurred:


 March 3, 2006 The New Jersey court ordered that Adolfo
have temporary custody of the children and
that Lori return the children to New Jersey
immediately. 


 April 3, 2006 The New Jersey court held a show cause
hearing, and on April 7, 2006 ordered Lori
to return the children to New Jersey
immediately and surrender temporary
custody of the children to Adolfo. Between
April 3 and April 7, Lori returned to New
Jersey with the children.


 April 21, 2006 After another show cause hearing, the New
Jersey court entered a custody and visitation
order, appointing Adolfo as the parent of
primary residence and Lori as the parent of
alternative residence. The court also
ordered visitation between Lori and the
children and set up a visitation schedule.


 April 28, 2006 The New Jersey court entered a consent
order for dismissal, stating that Adolfo and
Lori had reconciled and wished to dismiss
the complaint for divorce. Both parties
agreed to the dismissal and signed the
consent order.


 April 29, 2006 Adolfo, Lori, and the children left New
Jersey for Lindale, Texas. 


 August 18, 2006 Adolfo left Texas and returned to New
Jersey.


 August 21, 2006 Lori filed for divorce in Texas in the
respondent court, requesting that she be
appointed sole managing conservator, that
Adolfo be ordered to pay child support, and
that Adolfo be denied access to the
children. 


 September 18, 2006 Adolfo filed a special appearance in the
respondent court, objecting to jurisdiction.


 September 20, 2006 The respondent court held a hearing on
Adolfo's special appearance. In that
hearing, Lori testified that she and the
children moved to Texas from New Jersey
on January 3, 2006, lived in Chicago for
one week in March 2006, and lived in New
Jersey for approximately three weeks in
April 2006. She testified that on April 29,
2006, she, Adolfo, and the children
returned to Texas.




 After the September 20, 2006 hearing, the respondent court found that it had jurisdiction
of the case and all the parties. Further, on October 30, 2006, the respondent court appointed Lori
as temporary sole managing conservator and Adolfo as temporary possessory conservator, and
denied Adolfo visitation with the children until further order of the court. Subsequently, the
following occurred:


 February 27, 2007 The New Jersey court vacated the April 28,
2006 consent order for dismissal and
reinstated the divorce case, finding that Lori
obtained Adolfo's consent by means of
fraud and committed this fraud to regain
custody of the children and to relocate to
Texas. The judge of the New Jersey court
stated that he was aware that a Texas court
had assumed jurisdiction over custody
issues involving the children, and refused to
exercise jurisdiction over such custody
issues unless and until the respondent court
relinquished jurisdiction.


 April 18, 2007 Adolfo filed a motion to dismiss and for
costs under the UCCJEA in the respondent
court, arguing that the New Jersey court
had exclusive, continuing jurisdiction.

 



 August 24, 2007 The New Jersey court entered a final
judgment of divorce, and the judge
acknowledged that the respondent court had
stayed custody jurisdiction pending a
hearing. The judge of the New Jersey court
stated that Adolfo's request for custody and
parenting time could be revisited if Texas
conceded that New Jersey had jurisdiction.


 August 29, 2007 The respondent court held a hearing and
telephone conference between Lori, Lori's
Texas and New Jersey attorneys, Adolfo's
Texas and New Jersey attorneys, and the
presiding judge for the New Jersey divorce
case.



 On September 25, 2007, after the hearing and conference, the respondent court found that
on August 21, 2006, the children had lived in Texas for at least six consecutive months with Lori
and that they physically lived in Texas for eight months, save and except for a temporary absence
from the state for a period of three to four weeks in April 2006. The respondent court found that
the children's physical presence in Texas determined the children's home state. Further, it found
that no other state or court had exclusive, continuing jurisdiction over the parties or children on
the date the Texas divorce suit commenced, and that no child custody determination had been
commenced in the court of another state at the time of the Texas divorce suit. 

 The respondent court found that Texas had exclusive, continuing jurisdiction over the
children, and that any New Jersey order pertaining to the custody of the children was voluntarily
dismissed by the parties. Further, it found that the New Jersey court reinstated the divorce case
only, and refused to exercise jurisdiction over custody issues involving the children unless and
until jurisdiction was relinquished by Texas. Finally, the respondent court denied Adolfo's motion
to dismiss and for costs under the UCCJEA. This petition followed.


Availability of Mandamus

 Mandamus is an extraordinary remedy available to correct a clear abuse of discretion when
there is no adequate remedy by appeal. In re J.D. Edwards World Solutions Co., 87 S.W.3d 546,
549 (Tex. 2002). An appellate court will deny mandamus relief if another remedy, usually appeal,
is available and adequate. In re Oates, 104 S.W.3d 571, 575 (Tex. App.-El Paso 2003, no pet.). 
However, in jurisdictional disputes arising from child custody proceedings, the relator need not
demonstrate the inadequacy of an appellate remedy. Id. Thus, a writ of mandamus is an
appropriate means to require a trial court to comply with the UCCJEA's jurisdictional
requirements. Powell v. Stover, 165 S.W.3d 322, 324 (Tex. 2005). A trial court abuses its
discretion if it failed to analyze or apply the law correctly. Id. Construction of the UCCJEA's
"home state" provision as codified in the Texas Family Code is a question of law that we review
de novo. Id.


UCCJEA Jurisdiction

 Adolfo argues that the respondent court abused its discretion in finding that Texas was the
children's home state as of August 21, 2006, and that the children physically lived in Texas for
eight months prior to commencement of the Texas divorce suit. He further contends that the
respondent court abused its discretion in calculating the length of the children's residence in Texas
to include periods in which they were absent from the state. Adolfo also maintains that the
respondent court abused its discretion by ruling that it had exclusive, continuing jurisdiction
because the New Jersey divorce case was voluntarily dismissed. Finally, he argues that the
respondent court abused its discretion by exercising jurisdiction because the New Jersey divorce
case gave New Jersey exclusive, continuing jurisdiction. (2) We address these arguments keeping
in mind that our construction and application of the UCCJEA should promote the uniformity of
the law among the states that enact it. See Tex. Fam. Code Ann. § 152.001 (Vernon 2002); see
also N.J. Stat. Ann. § 2A:34-92 (West 2008).

 As it applies to this case, the Texas Family Code provides that a court has jurisdiction to
make an initial child custody determination only if this state is the home state of the child on the
date of the commencement of this proceeding or a court of another state does not have jurisdiction,
i.e., is not the home state of the child on the date of the commencement of the proceeding. Tex.
Fam. Code Ann. § 152.201(a)(1), (2) (Vernon 2002); see also N.J. Stat. Ann. § 2A:34-65(a)(1),
(2) (West 2008). "Home state" means the state in which a child lived with a parent for at least six
consecutive months immediately before the commencement of a child custody proceeding. Tex.
Fam. Code Ann. § 152.102(7) (Vernon 2002); see also N.J. Stat. Ann. § 2A:34-54 (West 2008). 
A period of temporary absence of a parent is part of the period. Tex. Fam. Code Ann.
§ 152.102(7); but see N.J. Stat. Ann. § 2A:34-54 (statute allows for the temporary absence of the
child). In determining where a child lived for the purposes of establishing home state jurisdiction,
the trial court must consider the child's physical presence in a state and decline to determine where
a child lived based on the child's or the parents' intent. Powell, 165 S.W.3d at 326-28. A "child
custody determination" means a judgment, decree, or other order of a court providing for legal
custody, physical custody, or visitation with respect to a child. Tex. Fam. Code Ann.
§ 152.102(3); see also N.J. Stat. Ann. § 2A:34-54. The term includes permanent, temporary,
initial, and modification orders. Tex. Fam. Code Ann. § 152.102(3); see also N.J. Stat. Ann. §
2A:34-54. An "initial determination" means the first child custody determination concerning a
particular child. Tex. Fam. Code Ann. § 152.102(8); see also N.J. Stat. Ann. § 2A:34-54. 

 Section 152.202 of the Texas Family Code addresses exclusive, continuing jurisdiction. 
Tex. Fam. Code Ann. § 152.202 (Vernon 2002); see also N.J. Stat. Ann. § 2A:34-66 (West
2008). A court of this state that has made an initial child custody determination has exclusive,
continuing jurisdiction over the determination until a court of this state determines that neither the
child, nor the child and one parent, have a significant connection with this state and that substantial
evidence is no longer available in this state concerning the child's care, protection, training, and
personal relationships. Tex. Fam. Code Ann. § 152.202 (a)(1); see also N.J. Stat. Ann. § 2A:34-66(a)(1). Further, a court of this state may lose exclusive, continuing jurisdiction if a court of this
state or a court of another state determines that neither the child, nor the parents, presently reside
in this state. Tex. Fam. Code Ann. § 152.202 (a)(2); but see N.J. Stat. Ann. § 2A:34-66(a)(2)
(statute allows a loss of jurisdiction if neither the child nor a parent presently resides in the state). 
Even if the child acquires a new home state, the original decree state retains exclusive, continuing
jurisdiction so long as the general requisites of the "substantial connection" jurisdiction provisions
are met. Tex. Fam. Code Ann. § 152.202 cmt. However, the original decree state is the sole
determinant of whether jurisdiction continues. Id. § 152.202 cmt. 

 To resolve the issues presented here, we must first determine whether Texas was the
children's home state. In order for Texas to be the children's home state, the children must have
lived in Texas for six consecutive months immediately before the commencement of a child
custody proceeding. See Tex. Fam. Code Ann. § 152.102(7). Although a temporary absence of
a parent is part of the period, there is no provision for the children's temporary absence from the
state. See Tex. Fam. Code Ann. § 152.102(7). The respondent court found that the children lived
in Texas for at least six consecutive months and that they had physically lived in Texas for eight
months. However, the respondent court characterized the absence of the children from Texas in
April 2006 as "temporary." Thus, the respondent court determined that Texas was the children's
home state. 

 Lori and the children moved to Texas on January 3, 2006 and lived in the state for
approximately three months before moving to Chicago for one week at the end of March 2006 and
to New Jersey for at least three weeks in April 2006. They returned to Texas on April 29 and lived
continuously in the state until August 21, approximately four months. In total, the children lived
in Texas for seven months before Lori filed for divorce and custody on August 21. However, these
months were not consecutive. See Tex. Fam. Code Ann. § 152.102(7). Further, we cannot
consider whether Lori or the children intended their absence from the state during April 2006 to
be temporary. See Powell, 165 S.W.3d at 326. Because the children did not live with Lori in
Texas for a period of six consecutive months before she filed for divorce and custody, Texas is not
the children's home state. See Tex. Fam. Code Ann. § 152.102(7). Therefore, the respondent
court abused its discretion by including periods of absence from the state in calculating the length
of the children's residence in Texas. Further, the respondent court abused its discretion by finding
that Texas was the children's home state as of August 21, 2006. 

 Even if Texas were the children's home state, the result would not change. Lori argues that
New Jersey lost exclusive, continuing jurisdiction when it voluntarily dismissed the divorce suit
on April 28, 2006. She cites section 155.001 of the Texas Family Code, which states that a
voluntary dismissal of a suit affecting the parent-child relationship does not create continuing,
exclusive jurisdiction. See Tex. Fam. Code Ann. § 155.001(b)(1) (Vernon 2002). In addressing
a similar argument, a New Mexico appellate court concluded that a court's dismissal had no
bearing on an analysis of exclusive, continuing jurisdiction according to the UCCJEA. See State
of N.M., ex rel. Children, Youth and Families Dep't v. D.J., 129 P.3d 167, 171 (N.M. Ct. App.
2006). In that case, a Texas district court appointed the parents of a minor child as joint managing
conservators in July 2001. Id. at 168-69. In 2002, the father filed a motion to enforce the order
and the mother established residence in New Mexico. Id. at 169. The father was murdered in
2002 after which the mother was arrested for his murder, returned to Texas, and pleaded guilty to
first degree murder. Id. In 2003, the existing Texas proceeding was dismissed for lack of
prosecution. Id. Two months later, the minor child's paternal grandmother filed a petition to
modify the parent-child relationship in the Texas district court, requesting that she be appointed
as sole managing conservator. Id. The Texas district court appointed the paternal grandmother
temporary sole managing conservator of the child. Id. During that same period, the State of New
Mexico took protective custody of the minor child, filed an abuse and neglect petition in a New
Mexico district court, and placed the child with unrelated foster parents. Id. The paternal
grandmother along with other relatives intervened in the New Mexico suit. Id. After a final
hearing, the Texas district court appointed the paternal grandmother as sole managing conservator
of the minor child, and stated that it had retained exclusive, continuing jurisdiction because the
mother violated the court's valid order. Id. When the minor child's foster parents intervened in
the Texas case requesting a new trial, the district court dismissed their petition, concluding that
it had exclusive, continuing jurisdiction under the UCCJEA. Id. The New Mexico district court
agreed. Id. at 170. 

 The New Mexico appellate court concluded that the Texas district court acquired exclusive,
continuing jurisdiction with its 2001 custody order. Id. at 171. It stated that the "UCCJEA does
not require that the case in which the initial custody order is entered be ongoing when a later
petition is filed." Id. Thus, the court concluded that because of its 2001 order, the Texas district
court had exclusive, continuing jurisdiction in 2003, when the paternal grandmother filed her
petition to modify, although the earlier case had been dismissed. See id. In this case, the New
Jersey court obtained exclusive, continuing jurisdiction over the children by its March 3, 2006
custody order. See id. The UCCJEA does not require that the New Jersey divorce case be
ongoing. See id. Consequently, the respondent court abused its discretion when it ruled that it had
exclusive, continuing jurisdiction because the New Jersey divorce case was voluntarily dismissed. 
See N.J. Stat. Ann. § 2A:34-66; State of N.M., 129 P.3d at 171. 

 Additionally, we must determine if the New Jersey court retained exclusive, continuing
jurisdiction. A New Jersey court has jurisdiction to make an initial child custody determination if
it was the home state of the child within six months before the commencement of the divorce suit
and the children were absent from New Jersey, but a parent continued to live there. See N.J. Stat.
Ann. § 2A:34-65(a)(1). A court that makes an initial child custody determination has exclusive,
continuing jurisdiction over the determination until a court of that state determines that neither the
child, nor the child and one parent, have a significant connection with the state and that substantial
evidence is no longer available in that state concerning the child's care, protection, training, and
personal relationships. See N.J. Stat. Ann. § 2A:34-66(a)(1). Only a New Jersey court may
determine that New Jersey has lost exclusive, continuing jurisdiction based on a lack of significant
connection and substantial evidence. See N.J. Stat. Ann. § 2A:34-66(a)(1); Griffith v. Tressel,
925 A.2d 702, 709 (N.J. Super. Ct. App. Div. 2007). Alternatively, New Jersey may lose
exclusive, continuing jurisdiction if a New Jersey court or a court of another state determines that
neither the child nor a parent presently resides in the state. See N.J. Stat. Ann. § 2A:34-66(a)(2).

 According to the record, the children lived in New Jersey within six months before Adolfo
filed for divorce on February 1, 2006. See N.J. Stat. Ann. § 2A:34-65(a)(1). Even though the
children were absent from New Jersey on that date, Adolfo continued to live in the state. See N.J.
Stat. Ann. § 2A:34-65(a)(1). Thus, according to section 2A:34-65, New Jersey had jurisdiction
to make an initial child custody determination. See N.J. Stat. Ann. § 2A:34-65(a)(1). Thereafter,
on March 3, the New Jersey court ordered that Adolfo have temporary custody of the children. 
On April 21, the New Jersey court expanded its custody order, appointing Adolfo as the parent of
primary residence and Lori as the parent of alternative residence, and setting up a visitation
schedule for Lori. Under section 2A:34-66(a), the New Jersey court had exclusive, continuing
jurisdiction over the children as of March 3, 2006. See N.J. Stat. Ann. § 2A:34-66(a); State of
N.M., 129 P.3d at 171.

 After April 21, New Jersey did not make any determination, as part of its exclusive ability
under section 2A:34-66, that there was a lack of significant connection or substantial relationship
for New Jersey to continue its jurisdiction. See N.J. Stat. Ann. § 2A:34-66(a)(1); State of N.M.,
129 P.3d at 171. Instead, when it reinstated Adolfo's divorce suit, the New Jersey court refused
to exercise jurisdiction over the children's custody issues unless and until Texas relinquished its
jurisdiction, citing the purposes of the UCCJEA to prevent situations where courts in more than
one state claim jurisdiction over the same custody issues. Moreover, the New Jersey court did not
decline jurisdiction over the children. Because no determination under section 2A:34-66(a)(1) was
made, the New Jersey court did not automatically lose its exclusive, continuing jurisdiction.
Alternatively, a New Jersey court or a court of another state could have determined that neither the
children nor a parent presently resided in New Jersey, resulting in New Jersey losing its exclusive,
continuing jurisdiction. See N.J. Stat. Ann. § 2A:34-66(a)(2). Neither the New Jersey court nor
a court of another state made such a determination. Therefore, the respondent court abused its
discretion by exercising jurisdiction because the New Jersey divorce case gave New Jersey
exclusive, continuing jurisdiction.

 In summary, we conclude that the children did not live in Texas for six consecutive months
before Lori filed for divorce and custody, and that the New Jersey court's dismissal did not affect
its jurisdiction. Nor did New Jersey make any determination that the children lacked significant
connections or a substantial relationship with New Jersey. Consequently, the respondent court
abused its discretion in finding that Texas was the children's home state and that Texas had
exclusive, continuing jurisdiction over the children because the New Jersey case was voluntarily
dismissed. The respondent court also abused its discretion in exercising jurisdiction when New
Jersey had exclusive, continuing jurisdiction. Therefore, the respondent court abused its discretion
by denying Adolfo's motion to dismiss and for costs under the UCCJEA.

 

Conclusion

 Because the respondent court abused its discretion in denying Adolfo's motion to dismiss
and for costs under the UCCJEA, and Adolfo was not required to show the inadequacy of an
appellate remedy, we conditionally grant Adolfo's petition for writ of mandamus. We trust that,
within fifteen days from the date of this opinion and corresponding order, the respondent court will
vacate its September 25, 2007 order denying Adolfo's motion to dismiss and for costs under the
UCCJEA and issue an order granting the motion, dismissing the suit affecting the parent-child
relationship, and relinquishing jurisdiction under the UCCJEA to the State of New Jersey. The
writ will issue only if it fails to do so. The respondent court shall furnish this court, within the
time of compliance with this court's opinion and order, a certified copy of the order evidencing
such compliance. All pending motions are overruled as moot.


 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered August 13, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


(PUBLISH)
1. The real party in interest is Lori A. Tieri. The respondent is the Honorable Carole W. Clark, Judge of the
321st Judicial District Court of Smith County, Texas (the "respondent court").
2. Adolfo also argues that the respondent court abused its discretion by finding that Lori's fraud to regain
custody of the children and to relocate them to Texas did not rise to the level of unjustifiable conduct under section
152.208 of the Texas Family Code. Further, he argues that the respondent court abused its discretion by finding that
Lori did not remove, secret, retain, or restrain the children from Adolfo because the New Jersey court made a finding
of fraud. We do not address these contentions because the arguments relating to the children's home state and
exclusive, continuing jurisdiction are dispositive. See Tex. R. App. P. 47.1.