# NO. 12-07-00472-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: ADOLFO GIOVANNI TIERI,* | § | |
| | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *OPINION*

Adolfo Giovanni Tieri brings this original mandamus proceeding complaining of the respondent trial court's order denying his motion to dismiss and for costs under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").[1]  We conditionally grant Adolfo's petition for writ of mandamus.

## BACKGROUND

Adolfo and Lori A. Tieri were married on October 17, 1992 and are the parents of three children, A.G.T., Jr., A.G.T., and L.E.T.  Prior to January 2006, Adolfo, Lori, and the children lived in the State of New Jersey.  On January 3, 2006, Lori and the children left New Jersey and moved to Lindale, Texas to attend discipleship training at Youth With A Mission.  On February 1, 2006, Adolfo filed for divorce in New Jersey.  Following Adolfo's suit for divorce, in 2006, the following occurred:

| | |
|---|---|
| March 3, 2006 | The New Jersey court ordered that Adolfo have temporary custody of the children and that Lori return the children to New Jersey |

---

[1] The real party in interest is Lori A. Tieri.  The respondent is the Honorable Carole W. Clark, Judge of the 321st Judicial District Court of Smith County, Texas (the "respondent court").

immediately.

| | |
|---|---|
| April 3, 2006 | The New Jersey court held a show cause hearing, and on April 7, 2006 ordered Lori to return the children to New Jersey immediately and surrender temporary custody of the children to Adolfo. Between April 3 and April 7, Lori returned to New Jersey with the children. |
| April 21, 2006 | After another show cause hearing, the New Jersey court entered a custody and visitation order, appointing Adolfo as the parent of primary residence and Lori as the parent of alternative residence. The court also ordered visitation between Lori and the children and set up a visitation schedule. |
| April 28, 2006 | The New Jersey court entered a consent order for dismissal, stating that Adolfo and Lori had reconciled and wished to dismiss the complaint for divorce. Both parties agreed to the dismissal and signed the consent order. |
| April 29, 2006 | Adolfo, Lori, and the children left New Jersey for Lindale, Texas. |
| August 18, 2006 | Adolfo left Texas and returned to New Jersey. |
| August 21, 2006 | Lori filed for divorce in Texas in the respondent court, requesting that she be appointed sole managing conservator, that Adolfo be ordered to pay child support, and that Adolfo be denied access to the children. |
| September 18, 2006 | Adolfo filed a special appearance in the respondent court, objecting to jurisdiction. |
| September 20, 2006 | The respondent court held a hearing on Adolfo's special appearance. In that hearing, Lori testified that she and the children moved to Texas from New Jersey on January 3, 2006, lived in Chicago for one week in March 2006, and lived in New Jersey for approximately three weeks in April 2006. She testified that on April 29, 2006, she, Adolfo, and the children returned to Texas. |

2

After the September 20, 2006 hearing, the respondent court found that it had jurisdiction of the case and all the parties. Further, on October 30, 2006, the respondent court appointed Lori as temporary sole managing conservator and Adolfo as temporary possessory conservator, and denied Adolfo visitation with the children until further order of the court. Subsequently, the following occurred:

| | |
|---|---|
| February 27, 2007 | The New Jersey court vacated the April 28, 2006 consent order for dismissal and reinstated the divorce case, finding that Lori obtained Adolfo's consent by means of fraud and committed this fraud to regain custody of the children and to relocate to Texas. The judge of the New Jersey court stated that he was aware that a Texas court had assumed jurisdiction over custody issues involving the children, and refused to exercise jurisdiction over such custody issues unless and until the respondent court relinquished jurisdiction. |
| April 18, 2007 | Adolfo filed a motion to dismiss and for costs under the UCCJEA in the respondent court, arguing that the New Jersey court had exclusive, continuing jurisdiction. |
| August 24, 2007 | The New Jersey court entered a final judgment of divorce, and the judge acknowledged that the respondent court had stayed custody jurisdiction pending a hearing. The judge of the New Jersey court stated that Adolfo's request for custody and parenting time could be revisited if Texas conceded that New Jersey had jurisdiction. |
| August 29, 2007 | The respondent court held a hearing and telephone conference between Lori, Lori's Texas and New Jersey attorneys, Adolfo's Texas and New Jersey attorneys, and the presiding judge for the New Jersey divorce case. |

On September 25, 2007, after the hearing and conference, the respondent court found that on August 21, 2006, the children had lived in Texas for at least six consecutive months with Lori and that they physically lived in Texas for eight months, save and except for a temporary absence

3

from the state for a period of three to four weeks in April 2006. The respondent court found that the children's physical presence in Texas determined the children's home state. Further, it found that no other state or court had exclusive, continuing jurisdiction over the parties or children on the date the Texas divorce suit commenced, and that no child custody determination had been commenced in the court of another state at the time of the Texas divorce suit.

The respondent court found that Texas had exclusive, continuing jurisdiction over the children, and that any New Jersey order pertaining to the custody of the children was voluntarily dismissed by the parties. Further, it found that the New Jersey court reinstated the divorce case only, and refused to exercise jurisdiction over custody issues involving the children unless and until jurisdiction was relinquished by Texas. Finally, the respondent court denied Adolfo's motion to dismiss and for costs under the UCCJEA. This petition followed.

## AVAILABILITY OF MANDAMUS

Mandamus is an extraordinary remedy available to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 549 (Tex. 2002). An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *In re Oates*, 104 S.W.3d 571, 575 (Tex. App.–El Paso 2003, no pet.). However, in jurisdictional disputes arising from child custody proceedings, the relator need not demonstrate the inadequacy of an appellate remedy. *Id.* Thus, a writ of mandamus is an appropriate means to require a trial court to comply with the UCCJEA's jurisdictional requirements. *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005). A trial court abuses its discretion if it failed to analyze or apply the law correctly. *Id.* Construction of the UCCJEA's "home state" provision as codified in the Texas Family Code is a question of law that we review de novo. *Id.*

## UCCJEA JURISDICTION

Adolfo argues that the respondent court abused its discretion in finding that Texas was the children's home state as of August 21, 2006, and that the children physically lived in Texas for eight months prior to commencement of the Texas divorce suit. He further contends that the respondent court abused its discretion in calculating the length of the children's residence in Texas

4

to include periods in which they were absent from the state. Adolfo also maintains that the respondent court abused its discretion by ruling that it had exclusive, continuing jurisdiction because the New Jersey divorce case was voluntarily dismissed. Finally, he argues that the respondent court abused its discretion by exercising jurisdiction because the New Jersey divorce case gave New Jersey exclusive, continuing jurisdiction.[2] We address these arguments keeping in mind that our construction and application of the UCCJEA should promote the uniformity of the law among the states that enact it. *See* TEX. FAM. CODE ANN. § 152.001 (Vernon 2002); *see also* N.J. STAT. ANN. § 2A:34-92 (West 2008).

As it applies to this case, the Texas Family Code provides that a court has jurisdiction to make an initial child custody determination only if this state is the home state of the child on the date of the commencement of this proceeding or a court of another state does not have jurisdiction, i.e., is not the home state of the child on the date of the commencement of the proceeding. TEX. FAM. CODE ANN. § 152.201(a)(1), (2) (Vernon 2002); *see also* N.J. STAT. ANN. § 2A:34-65(a)(1), (2) (West 2008). "Home state" means the state in which a child lived with a parent for at least *six consecutive months* immediately before the commencement of a child custody proceeding. TEX. FAM. CODE ANN. § 152.102(7) (Vernon 2002); *see also* N.J. STAT. ANN. § 2A:34-54 (West 2008). A period of temporary absence of a *parent* is part of the period. TEX. FAM. CODE ANN. § 152.102(7); *but see* N.J. STAT. ANN. § 2A:34-54 (statute allows for the temporary absence of the child). In determining where a child lived for the purposes of establishing home state jurisdiction, the trial court must consider the child's physical presence in a state and decline to determine where a child lived based on the child's or the parents' intent. *Powell*, 165 S.W.3d at 326-28. A "child custody determination" means a judgment, decree, or other order of a court providing for legal custody, physical custody, or visitation with respect to a child. TEX. FAM. CODE ANN. § 152.102(3); *see also* N.J. STAT. ANN. § 2A:34-54. The term includes permanent, temporary, initial, and modification orders. TEX. FAM. CODE ANN. § 152.102(3); *see also* N.J. STAT. ANN. §

---

[2] Adolfo also argues that the respondent court abused its discretion by finding that Lori's fraud to regain custody of the children and to relocate them to Texas did not rise to the level of unjustifiable conduct under section 152.208 of the Texas Family Code. Further, he argues that the respondent court abused its discretion by finding that Lori did not remove, secret, retain, or restrain the children from Adolfo because the New Jersey court made a finding of fraud. We do not address these contentions because the arguments relating to the children's home state and exclusive, continuing jurisdiction are dispositive. *See* TEX. R. APP. P. 47.1.

2A:34-54. An "initial determination" means the first child custody determination concerning a particular child. TEX. FAM. CODE ANN. § 152.102(8); *see also* N.J. STAT. ANN. § 2A:34-54.

Section 152.202 of the Texas Family Code addresses exclusive, continuing jurisdiction. TEX. FAM. CODE ANN. § 152.202 (Vernon 2002); *see also* N.J. STAT. ANN. § 2A:34-66 (West 2008). A court of this state that has made an initial child custody determination has exclusive, continuing jurisdiction over the determination until a court of this state determines that neither the child, nor the child and one parent, have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships. TEX. FAM. CODE ANN. § 152.202 (a)(1); *see also* N.J. STAT. ANN. § 2A:34-66(a)(1). Further, a court of this state may lose exclusive, continuing jurisdiction if a court of this state or a court of another state determines that neither the child, nor the parents, presently reside in this state. TEX. FAM. CODE ANN. § 152.202 (a)(2); *but see* N.J. STAT. ANN. § 2A:34-66(a)(2) (statute allows a loss of jurisdiction if neither the child nor a parent presently resides in the state). Even if the child acquires a new home state, the original decree state retains exclusive, continuing jurisdiction so long as the general requisites of the "substantial connection" jurisdiction provisions are met. TEX. FAM. CODE ANN. § 152.202 cmt. However, the original decree state is the sole determinant of whether jurisdiction continues. *Id.* § 152.202 cmt.

To resolve the issues presented here, we must first determine whether Texas was the children's home state. In order for Texas to be the children's home state, the children must have lived in Texas for six consecutive months immediately before the commencement of a child custody proceeding. *See* TEX. FAM. CODE ANN. § 152.102(7). Although a temporary absence of a parent is part of the period, there is no provision for the children's temporary absence from the state. *See* TEX. FAM. CODE ANN. § 152.102(7). The respondent court found that the children lived in Texas for at least six consecutive months and that they had physically lived in Texas for eight months. However, the respondent court characterized the absence of the children from Texas in April 2006 as "temporary." Thus, the respondent court determined that Texas was the children's home state.

Lori and the children moved to Texas on January 3, 2006 and lived in the state for approximately three months before moving to Chicago for one week at the end of March 2006 and to New Jersey for at least three weeks in April 2006. They returned to Texas on April 29 and lived

6

continuously in the state until August 21, approximately four months. In total, the children lived in Texas for seven months before Lori filed for divorce and custody on August 21. However, these months were not consecutive. *See* TEX. FAM. CODE ANN. § 152.102(7). Further, we cannot consider whether Lori or the children intended their absence from the state during April 2006 to be temporary. *See Powell*, 165 S.W.3d at 326. Because the children did not live with Lori in Texas for a period of six consecutive months before she filed for divorce and custody, Texas is not the children's home state. *See* TEX. FAM. CODE ANN. § 152.102(7). Therefore, the respondent court abused its discretion by including periods of absence from the state in calculating the length of the children's residence in Texas. Further, the respondent court abused its discretion by finding that Texas was the children's home state as of August 21, 2006.

Even if Texas were the children's home state, the result would not change. Lori argues that New Jersey lost exclusive, continuing jurisdiction when it voluntarily dismissed the divorce suit on April 28, 2006. She cites section 155.001 of the Texas Family Code, which states that a voluntary dismissal of a suit affecting the parent-child relationship does not create continuing, exclusive jurisdiction. *See* TEX. FAM. CODE ANN. § 155.001(b)(1) (Vernon 2002). In addressing a similar argument, a New Mexico appellate court concluded that a court's dismissal had no bearing on an analysis of exclusive, continuing jurisdiction according to the UCCJEA. *See State of N.M.*, *ex rel. Children, Youth and Families Dep't v. D.J.*, 129 P.3d 167, 171 (N.M. Ct. App. 2006). In that case, a Texas district court appointed the parents of a minor child as joint managing conservators in July 2001. *Id.* at 168-69. In 2002, the father filed a motion to enforce the order and the mother established residence in New Mexico. *Id.* at 169. The father was murdered in 2002 after which the mother was arrested for his murder, returned to Texas, and pleaded guilty to first degree murder. *Id.* In 2003, the existing Texas proceeding was dismissed for lack of prosecution. *Id.* Two months later, the minor child's paternal grandmother filed a petition to modify the parent-child relationship in the Texas district court, requesting that she be appointed as sole managing conservator. *Id.* The Texas district court appointed the paternal grandmother temporary sole managing conservator of the child. *Id.* During that same period, the State of New Mexico took protective custody of the minor child, filed an abuse and neglect petition in a New Mexico district court, and placed the child with unrelated foster parents. *Id.* The paternal grandmother along with other relatives intervened in the New Mexico suit. *Id.* After a final

7

hearing, the Texas district court appointed the paternal grandmother as sole managing conservator of the minor child, and stated that it had retained exclusive, continuing jurisdiction because the mother violated the court's valid order. *Id.* When the minor child's foster parents intervened in the Texas case requesting a new trial, the district court dismissed their petition, concluding that it had exclusive, continuing jurisdiction under the UCCJEA. *Id.* The New Mexico district court agreed. *Id.* at 170.

The New Mexico appellate court concluded that the Texas district court acquired exclusive, continuing jurisdiction with its 2001 custody order. *Id.* at 171. It stated that the "UCCJEA does not require that the case in which the initial custody order is entered be ongoing when a later petition is filed." *Id.* Thus, the court concluded that because of its 2001 order, the Texas district court had exclusive, continuing jurisdiction in 2003, when the paternal grandmother filed her petition to modify, although the earlier case had been dismissed. *See id.* In this case, the New Jersey court obtained exclusive, continuing jurisdiction over the children by its March 3, 2006 custody order. *See id.* The UCCJEA does not require that the New Jersey divorce case be ongoing. *See id.* Consequently, the respondent court abused its discretion when it ruled that it had exclusive, continuing jurisdiction because the New Jersey divorce case was voluntarily dismissed. *See* N.J. STAT. ANN. § 2A:34-66; *State of N.M.*, 129 P.3d at 171.

Additionally, we must determine if the New Jersey court retained exclusive, continuing jurisdiction. A New Jersey court has jurisdiction to make an initial child custody determination if it was the home state of the child within six months before the commencement of the divorce suit and the children were absent from New Jersey, but a parent continued to live there. *See* N.J. STAT. ANN. § 2A:34-65(a)(1). A court that makes an initial child custody determination has exclusive, continuing jurisdiction over the determination until a court of that state determines that neither the child, nor the child and one parent, have a significant connection with the state and that substantial evidence is no longer available in that state concerning the child's care, protection, training, and personal relationships. *See* N.J. STAT. ANN. § 2A:34-66(a)(1). Only a New Jersey court may determine that New Jersey has lost exclusive, continuing jurisdiction based on a lack of significant connection and substantial evidence. *See* N.J. STAT. ANN. § 2A:34-66(a)(1); *Griffith v. Tressel*, 925 A.2d 702, 709 (N.J. Super. Ct. App. Div. 2007). Alternatively, New Jersey may lose exclusive, continuing jurisdiction if a New Jersey court or a court of another state determines that

8

neither the child nor a parent presently resides in the state. *See* N.J. STAT. ANN. § 2A:34-66(a)(2).

According to the record, the children lived in New Jersey within six months before Adolfo filed for divorce on February 1, 2006. *See* N.J. STAT. ANN. § 2A:34-65(a)(1). Even though the children were absent from New Jersey on that date, Adolfo continued to live in the state. *See* N.J. STAT. ANN. § 2A:34-65(a)(1). Thus, according to section 2A:34-65, New Jersey had jurisdiction to make an initial child custody determination. *See* N.J. STAT. ANN. § 2A:34-65(a)(1). Thereafter, on March 3, the New Jersey court ordered that Adolfo have temporary custody of the children. On April 21, the New Jersey court expanded its custody order, appointing Adolfo as the parent of primary residence and Lori as the parent of alternative residence, and setting up a visitation schedule for Lori. Under section 2A:34-66(a), the New Jersey court had exclusive, continuing jurisdiction over the children as of March 3, 2006. *See* N.J. STAT. ANN. § 2A:34-66(a); ***State of N.M.***, 129 P.3d at 171.

After April 21, New Jersey did not make any determination, as part of its exclusive ability under section 2A:34-66, that there was a lack of significant connection or substantial relationship for New Jersey to continue its jurisdiction. *See* N.J. STAT. ANN. § 2A:34-66(a)(1); ***State of N.M.***, 129 P.3d at 171. Instead, when it reinstated Adolfo's divorce suit, the New Jersey court refused to exercise jurisdiction over the children's custody issues unless and until Texas relinquished its jurisdiction, citing the purposes of the UCCJEA to prevent situations where courts in more than one state claim jurisdiction over the same custody issues. Moreover, the New Jersey court did not decline jurisdiction over the children. Because no determination under section 2A:34-66(a)(1) was made, the New Jersey court did not automatically lose its exclusive, continuing jurisdiction. Alternatively, a New Jersey court or a court of another state could have determined that neither the children nor a parent presently resided in New Jersey, resulting in New Jersey losing its exclusive, continuing jurisdiction. *See* N.J. STAT. ANN. § 2A:34-66(a)(2). Neither the New Jersey court nor a court of another state made such a determination. Therefore, the respondent court abused its discretion by exercising jurisdiction because the New Jersey divorce case gave New Jersey exclusive, continuing jurisdiction.

In summary, we conclude that the children did not live in Texas for six consecutive months before Lori filed for divorce and custody, and that the New Jersey court's dismissal did not affect its jurisdiction. Nor did New Jersey make any determination that the children lacked significant

connections or a substantial relationship with New Jersey. Consequently, the respondent court abused its discretion in finding that Texas was the children's home state and that Texas had exclusive, continuing jurisdiction over the children because the New Jersey case was voluntarily dismissed. The respondent court also abused its discretion in exercising jurisdiction when New Jersey had exclusive, continuing jurisdiction. Therefore, the respondent court abused its discretion by denying Adolfo's motion to dismiss and for costs under the UCCJEA.

## CONCLUSION

Because the respondent court abused its discretion in denying Adolfo's motion to dismiss and for costs under the UCCJEA, and Adolfo was not required to show the inadequacy of an appellate remedy, we ***conditionally grant*** Adolfo's petition for writ of mandamus. We trust that, within fifteen days from the date of this opinion and corresponding order, the respondent court will vacate its September 25, 2007 order denying Adolfo's motion to dismiss and for costs under the UCCJEA and issue an order granting the motion, dismissing the suit affecting the parent-child relationship, and relinquishing jurisdiction under the UCCJEA to the State of New Jersey. The writ will issue only if it fails to do so. The respondent court shall furnish this court, within the time of compliance with this court's opinion and order, a certified copy of the order evidencing such compliance. All pending motions are overruled as moot.

            **JAMES T. WORTHEN**
                Chief Justice

Opinion delivered August 13, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)