**AFFIRMED and Opinion Filed September 8, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01158-CV

## IN THE INTEREST OF A.D.B., II, A MINOR CHILD

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-15-18807**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Father, appearing pro se, appeals from a child support arrearage judgment in favor of the Office of the Attorney General (OAG)'s Child Support Office. *See* TEX. FAM. CODE ANN. § 157.261 *et seq.* (Vernon 2002). By five issues, Father challenges the trial court's jurisdiction. We affirm. Because all the dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2.

We first question whether Father adequately briefed the issues presented after being afforded an opportunity to cure.[1] To present an issue to this Court, a party's

---

[1] On January 13, 2020, on our own motion, we ordered that the appeal be submitted without a reporter's record based upon the court reporter's November 21, 2019 notification that Father had neither requested the record nor paid, or made arrangements to pay, for the record. Father filed a statement of inability to pay in this Court but did not provide the Court with documentation showing he had requested the reporter's

brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex. App.— Dallas 2001, pet. denied). Existing legal authority applicable to the facts and the questions we are asked to address must be accurately cited and analyzed. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). When a party fails to adequately brief a complaint, he waives the issue on appeal. *In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.). While we were not favored with such a brief, we conceive that the five issues may be categorized generally as (1) the trial court's order of dismissal for want of prosecution (DWOP Order) operated as a final judgment and thus deprived the trial court of jurisdiction to consider the OAG's motion to confirm arrearage; and (2) the OAG lacked standing to file the motion to confirm arrearage because the case had already been dismissed and there was no longer a justiciable issue in which the OAG had an interest.

---

record nor verification that he had complied with rule 145 of the Texas Rules of Civil Procedure and was entitled to a free reporter's record. Father filed five motions for extensions and two requests to reconsider the January 13 Order. We granted the extensions but denied the requests to reconsider to proceed without a reporters record because although Father was entitled to proceed without payment of costs, he failed to provide written verification that he has requested preparation of the reporter's record. *See* TEX. R. APP. P. 35.3(b)(2). After the five extensions, Father tendered his opening brief on June 24, 2020. On July 7, 2020, the clerk notified Father that his brief was deficient for, inter alia, failing to include a statement of facts, arguments with correct citations to authorities, and citations or the record. After two more extensions, we received Father's corrected brief on August 3, 2021. This appeal was submitted on March 23, 2021, without a reporter's record.

## BACKGROUND

ADB, II was born in August 2014. On October 7, 2015, Father filed a suit affecting the parent-child relationship (SAPCR), in which he sought to establish a joint managing conservatorship with Mother. Father also requested that he be given the exclusive right to establish the child's primary residence and that Mother be named noncustodial parent.

On March 7, 2017, the trial court entered an order titled "Order Adjudicating Parentage" (hereinafter, Support Order). The Support Order recites that a final hearing took place on February 2, 2017, at which Mother appeared but Father did not. The trial court held Father in default and, among other things: (1) found that Father was the child's father, (2) appointed Mother sole managing conservator and Father possessory conservator, (3) awarded Mother the exclusive right to designate the child's primary residence, (4) found that Father was in arrears on child support payments previously ordered and assessed periodic payments until the arrearage was satisfied,[2] (5) determined Father's future child support obligations, and (6) ordered Mother to provide health insurance for the child and ordered Father to reimburse Mother for the premiums. Attached to the Support Order was an income withholding order (Withholding Order) directing Father's employer to withhold from his paycheck $501.14 per month for current child support, $25 per month for past-due child support, and $180 per month for current cash medical support. The

---

[2] The record does not contain any prior trial court orders relating to child support.

Withholding Order directed the employer to remit payments to the Texas Child Support State Disbursement Unit.

On June 13, 2017, the OAG, filed a motion for clarification of prior order, requesting that the trial court resolve an apparent discrepancy between the Support Order and the Withholding Order.[3] The record reflects no further action taken on the motion to clarify. Thus, on May 28, 2018, the trial court entered the DWOP Order, reflecting that "all requests for relief in this case are hereby dismissed, without prejudice," and that "the parties are relieved from any obligations under any Temporary Orders in effect as of the date of this Order."

On April 10, 2019, the OAG filed a petition styled "Suit for Modification of Support Order and Motion to Confirm Support Arrearage." This pleading alleged that Father had failed to pay the arrearage previously ordered in the Support Order and was in partial arrears of the support and medical payments ordered therein as well. The OAG also sought modification of the Support Order to the extent circumstances had changed since the entry of the Support Order. In response to the OAG's motion to modify, Father filed a plea to the jurisdiction, arguing that the trial court lacked jurisdiction to grant the motion because the case had been dismissed for want of prosecution over a year prior. Father further argued that because no party

---

[3] Although both orders required father to pay $180 per month for health insurance, they apparently did so under different provisions of the Family Code. The Support Order stated that Father must reimburse Mother for providing medical insurance for the child. *See* TEX. FAM. CODE ANN. § 154.182(b-1). The Withholding Order characterized the payment as "cash medical support." *See id.* § 154.182(b)(3).

—4—

had filed an appeal, sought to reinstate the case, or filed a motion for new trial after the dismissal, neither the OAG nor Mother had standing.

On September 19, 2019, the trial court held a hearing on the OAG's motion and, on the same day, entered its order confirming Father's arrearage (Arrearage Order).[4] The Arrearage Order did not expressly grant or deny Father's plea to the jurisdiction but held that it had "jurisdiction of the parties and subject matter of this suit." The trial court found Father in arrears in the amount of $1,783.05 for support payments and $726.30 for medical support payments. The trial court ordered Father to pay $50 per month until the support arrearage was paid in full and $30 per month until the medical support arrearage was paid in full. The trial court further held that the OAG nonsuited its request for modification, leaving the remaining portions of the Support Order intact. This appeal timely followed.[5]

## DISCUSSION

Father challenges the trial court's subject-matter jurisdiction and the OAG's standing to file the motion to confirm arrearage. We review de novo a challenge to a trial court's subject-matter jurisdiction. *See Mullins v. Mullins*, 202 S.W.3d 869,

---

[4] All previous orders in the case were entered by Judge Tena Callahan, the then-presiding judge of the 302nd Judicial District (Family) Court of Dallas County. The Arrearage Order was entered by Associate Judge George Collins. The presiding judge of the 302nd district court is now Judge Sandra Jackson.

[5] Father filed his notice of appeal on September 20, 2019. Three days later, he filed a motion challenging the associate judge's ruling and seeking a de novo hearing before the presiding judge. While this appeal was pending, we entered an order abating this appeal to give the parties an opportunity to obtain a ruling on the OAG's motion to confirm by Judge Jackson. *See* TEX. FAM. CODE ANN. § 201.015(f); 201.1042(b). On July 17, 2021, Judge Jackson confirmed the Arrearage Order. Accordingly, we reinstated this appeal on August 24, 2021. As the Arrearage Order was confirmed by Presiding Judge Jackson we will continue to refer to the challenged Order as the Arrearage Order

–5–

873 (Tex. App.—Dallas 2006, pet. denied). Because standing is a component of subject-matter jurisdiction, we review issues of standing de novo. *In re S.M.V.*, 287 S.W.3d 435, 445 (Tex. App.—Dallas 2009, no pet.).

## I. APPLICABLE LAW

In enacting the Family Code, the Legislature "adopted a scheme for handling parent-child matters in a manner that avoids forum shopping, races to the courthouse, child snatching, and the harassment of a parent by the other parent's filing suits in random courts." *In re Foreman*, No. 05-13-01618-CV, 2014 WL 72483, at *3 (Tex. App.—Dallas Jan. 9, 2014, no pet.) (mem. op.) (quoting *Trader v. Dear*, 565 S.W.2d 233, 235 (Tex. 1978)). That legislative scheme seeks, to the degree possible, to provide stability for the child by establishing a court of continuing, exclusive jurisdiction to decide matters related to the child, including SAPCRs. *Id.* Subject to exceptions not applicable here, a trial court acquires continuing, exclusive jurisdiction in SAPCRs upon the rendition of a "final order." *See* TEX. FAM. CODE ANN. § 155.001(a) (unless otherwise provided, court acquires continuing exclusive jurisdiction of parent-child relationship upon rendition of final order in a suit affecting the parent-child relationship); *id.* § 155.002 (court with continuing, exclusive jurisdiction retains jurisdiction unless otherwise provided); *id.* § 155.003(a) (except as otherwise provided, court with continuing, exclusive jurisdiction may modify orders regarding conservatorship, possession, access to and

–6–

support of child). If the final order includes an order for child support, the trial court retains continuing jurisdiction to enforce the order. *Id.* § 157.269.

## II. APPLICATION OF LAW TO FACTS

Father argues that the trial court had no jurisdiction to adjudicate the OAG's motion to confirm because the trial court's plenary power ended thirty days after it entered the DWOP Order. The OAG responds that the trial court had continuing and exclusive jurisdiction to enforce the Support Order, including finding Father in arrears. We agree with the OAG.

In a SAPCR proceeding, a trial court obtains continuing and exclusive jurisdiction when it enters a "final order." *See* TEX. FAM. CODE ANN. §§ 155.001(a), 157.269. Section 105.006 of the Family Code "provides a framework for what final orders must say in [SAPCRs]." *In re R.R.K.*, 590 S.W.3d 535, 540 (Tex. 2019). Under the Family Code, a final order must: (1) contain the parties' social security numbers, driver's license numbers, and contact information; (2) order the parties to notify the trial court, other parties, and the State of any changes in such identifying information; and (3) contain statutory warnings for failure to comply with the order. *See id.* (citing TEX. FAM. CODE ANN. § 105.006(a), (b), (d)). Added to this statutory framework is the finality jurisprudence developed by the courts. *See id.* (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). "A judicial decree is final when it disposes of all issues and all parties in the record." *Id.* If the decree disposes of all parties in "clear and unequivocal language," it is a final order. *Id.* If

the finality of an order is not clear and unequivocal, we must examine the record to determine whether the trial court intended the order to be final. *Id.*

Although Father focuses his arguments on the DWOP Order, it is the Support Order that determines the outcome of this case. The Support Order lists the parties' personal and contact information.[6] *See* TEX. FAM. CODE ANN. § 105.006(a). It orders Father to notify the Court of any change of address or employment. *See id.* § 105.006(b). It provides the required statutory warnings that failure to obey the order may result in further litigation to enforce the order and possibly an order of contempt. *See id.* § 105.006(b). The Support Order disposes of the claims in the lawsuit by determining paternity, awarding custody, establishing the parties' parental rights and obligations, and ordering Father to pay child and medical support. *See R.R.K.*, 590 S.W.3d at 540–42. Finally, the Support Order includes language indicating it is final and that all relief not expressly granted therein is denied. *See id.*; *Lehmann*, 39 S.W.3d at 195. Under the Family Code and *Lehmann*, the Support Order constitutes a "final order," and by signing it, the trial court obtained continuing and exclusive jurisdiction to enforce the Support Order, including issuing an order confirming arrearage. *See* TEX. FAM. CODE ANN. §§ 155.001(a), 157.263, 157.269.

---

[6] Although the Support Order does not include Father's social security number and driver's license number, such omissions do not affect our conclusion that the Support Order is a final order under the Family Code. "A failure to comply with every aspect of section 105.006 is not fatal to finality." *R.R.K.*, 590 S.W.3d at 542. "[W]hen finality is contested, and the order lacks required statutory elements, a reviewing court should examine the record to determine finality under *Lehmann* and its progeny." *Id.* On review of the record, we hold the Support Order final under *R.R.K.* and *Lehmann*. *See R.R.K.*, 590 S.W.3d at 540–42; *Lehmann*, 39 S.W.3d at 195.

A dismissal for want of prosecution entered after a final order does not affect the trial court's continuing, exclusive jurisdiction to enter further orders modifying or enforcing the final order. *See Barnes v. Deadrick*, 464 S.W.3d 48, 54 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding that DWOP of father's first bill of review challenging trial court's final custody order did not, under the doctrine of res judicata, deprive the trial court of jurisdiction to consider second bill of review); *In re Tieri*, 283 S.W.3d 889, 895 (Tex. App.—Tyler 2008, no pet.) (agreeing with New Mexico appellate court's conclusion that, due to the entry of a 2001 custody order, Texas trial court retained exclusive, continuing jurisdiction to appoint child's grandmother sole managing conservator in 2003, despite dismissing the case for want of prosecution two months earlier due to father having been murdered by mother). We conclude that the DWOP Order did not preclude the trial court from entering the Arrearage Order. We overrule Father's first issue.

In his second issue, Father contends that the OAG lacked standing to file the motion to confirm arrearage. We disagree. The Family Code governs standing to file a SAPCR. *In re M.K.S.-V.*, 301 S.W.3d 460, 464 (Tex. App.—Dallas 2009, pet. denied). The Family Code expressly gives the OAG standing to "enforce, collect, and distribute child support." *In re A.B., Jr.*, 267 S.W.3d 564, 565 (Tex. App.—Dallas 2008, no pet.) (citing TEX. FAM. CODE ANN. §§ 102.007, 231.101); *see also* TEX. FAM. CODE ANN. § 157.263 ("If a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount of

arrearages and render one cumulative money judgment."). We conclude the OAG had standing to bring the motion to confirm Father's child and medical support arrearage. We overrule Father's second issue.

## CONCLUSION

We hold that the trial court's DWOP Order did not deprive the trial court of jurisdiction to enforce the Support Order and that the OAG had standing to bring the motion to confirm Father's arrearage. We overrule both of Father's issues and affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

191158F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.D.B., II,
A MINOR CHILD

No. 05-19-01158-CV

On Appeal from the 302nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-15-18807.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of September, 2021.